## SLONE v. STONE et al.

Court of Appeals of Kentucky.

May 16, 1952.

Clark Pratt, Hindman, for appellant.

S. C. Ferguson, Prestonsburg, for appellee.

CLAY, Commissioner.

This action was brought to recover of appellant overdue payments of $40 a month for the maintenance of his child, which he had been ordered to pay under a West Virginia judgment. The sole issue is whether or not that judgment was void.

In 1946 appellees, who were then taking care of a four year old child, filed a petition in the circuit court of Logan County, West Virginia to adopt him. It was alleged the child was illegitimate. Appellant entered his appearance in that action, and filed a cross-petition stating that he was the father and asking that he be permitted to adopt it. The West Virginia circuit court denied adoption to either party. In the same

judgment the court found the child to be a "neglected" one, awarded its legal custody to appellees, and ordered appellant to pay appellees the sum of $40 per month for its support.

No appeal was taken from this judgment. Thereafter appellant made payments as directed therein, but after defaulting, the present suit was filed in the Floyd circuit court.

It is appellant's contention that the West Virginia court in the adoption proceedings had no jurisdiction to enter a personal judgment against him, ordering the payment of $40 a month, or any amount. He argues that in effect the West Virginia court converted the adoption action into a bastardy proceeding, and that it has no jurisdiction in the latter case.

It appears from the judgment that the court did not adjudicate the question of bastardy, but undertook to determine the proper custodian of a "neglected" child. Under the West Virginia statutes the circuit court there had jurisdiction to award custody of a child in that status, and is specifically authorized to order a person "legally liable" for the support of the child to pay for its maintenance.

Our examination of the West Virginia statutes and the proceedings taken there indicate that quite possibly there may have been errors committed. The West Virginia court seems to have acted in a somewhat summary manner in converting the adoption proceedings to another form of action, and if appellant had taken an appeal, he may have secured a reversal or modification of that judgment. However, whether or not it was erroneous is a question we are without authority to consider.

Unless that judgment was void, we must give it full faith and credit. Whether or not it was void depends upon the court's jurisdiction of the subject matter and the parties, not upon errors that may underlie it. See Jackson v. Kentucky River Mills, D. C., 65 F.Supp. 601. The record shows the subject matter, i.e., the child, was within the jurisdiction. The proper parties were before the court, including the father, mother and custodian.

The West Virginia statutes empowered this circuit court to consider the welfare of the child, to award custody, and to require the person legally liable for its support to contribute to its maintenance. We do not find the lack of jurisdiction which would void the judgment.

As long as this judgment stands, appellant is bound by it, and it is enforceable against him. Whatever recourse he may have for its modification, or for other relief, must be by resort to the courts of West Virginia.

The judgment is affirmed.